**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OLUKOGA OLUTAYO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 2109 |
| | ) | |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| OFFICER ESNAF HUSIC, OFFICER JONATHAN McCABE, and THE CITY OF CHICAGO, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court denies Defendants' partial motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). [51]. Defendants shall file its answer by 3/11/16. Parties shall file a joint proposed discovery schedule by 3/17/16. Status hearing remains set for 3/22/16 at 8:30 a.m.

**STATEMENT**

On November 3, 2015, Plaintiff Olukoga Olutayo, by counsel, filed a four-count Third Amended Complaint[1] alleging violations of his Fourth Amendment rights against the City of Chicago and Chicago Police Officers Esnaf Husic and Jonathan McCabe. *See* 42 U.S.C. § 1983. In particular, Plaintiff alleges an unreasonable search and seizure claim, an excessive force claim, a failure to intervene claim, and an indemnification claim pursuant to 745 ILCS 10/9-102. Before the Court is Defendants' partial motion to dismiss brought pursuant to Rule 12(b)(6). For the following reasons, the Court denies Defendants' motion.

**LEGAL STANDARDS**

**I.    Motion to Dismiss – Rule 12(b)(6)**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule

---

[1] Plaintiff proceeded pro se from March 10, 2015 until the Court granted his motion for attorney representation on September 30, 2015.

8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). In determining the sufficiently of a complaint under the plausibility standard, courts "accept the complaint's well-pleaded facts as true and construe the allegations in the light most favorable to the plaintiff." *Thulin v. Shopko Stores Operating Co., LLC*, 771 F.3d 994, 997 (7th Cir. 2014). When ruling on motions to dismiss, federal courts may consider documents attached to the pleadings without converting the motion to dismiss into a motion summary judgment, as long as the documents are referred to in the complaint and central to the plaintiff's claims. *See Adams v. City of Indianapolis,* 742 F.3d 720, 729 (7th Cir.2014); Fed.R.Civ.P. 10(c).

## II.     Relation Back Doctrine – Rule 15(c)(1)

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 541, 130 S.Ct. 2485, 177 L.Ed.2d 48 (2010). "Under Illinois law as under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.,* 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted). More specifically, an amendment relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed.R.Civ.P. 15(c)(1)(B); *see also Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013). "[T]he purpose of relation back" is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski,* 560 U.S. at 549-50.

## BACKGROUND

In his Third Amended Complaint, Plaintiff alleges that on the evening of April 11, 2013, he drove to 12000 S. Indiana Avenue in Chicago, Illinois to visit a friend. (R. 45, Third Am. Compl. ¶ 7.) Upon arriving, Plaintiff parked his car on the street, walked to the door of his friend's house, rang the doorbell, and then returned to his car to get his bag. (*Id*. ¶ 8.) After he retrieved his bag from his car, Plaintiff walked back to his friend's house at which time Defendant Chicago Police Officers Husic and McCabe stopped him. (*Id*. ¶ 9.) Plaintiff alleges that Officers Husic and McCabe had no reasonable suspicion or probable cause to believe that Plaintiff had committed, was committing, or was going to commit any offense when they stopped him. (*Id*. ¶ 10.) Nevertheless, Plaintiff alleges that Defendant Officers pointed their guns at him, told him to put his hands on the police car, asked him "What the fuck are you doing

2

in this neighborhood?" and called him "nigger."  (*Id.* ¶ 11.)  Plaintiff answered that he was there to visit a friend.  (*Id.* ¶ 12.)  According to Plaintiff, Officers Husic and McCabe then slammed his head against the hood of the police car and handcuffed him behind his back.  (*Id*. ¶ 13.)  Plaintiff further alleges that thereafter – without reasonable suspicion or probable cause to believe that Plaintiff possessed a weapon or contraband on or about his person – Defendant Officers conducted a full search of Plaintiff over his clothes, searched inside Plaintiff's pockets and his shoes, and then searched his car.  (*Id*.)  Plaintiff maintains that he did not consent to these searches.  (*Id*. ¶ 14.)

Furthermore, Plaintiff alleges that Officers Husic and McCabe made out false and incomplete official reports and gave a false and incomplete version of the events to their superiors and prosecutors in order to cover up their misconduct.  (*Id.* ¶ 15.)  Also, Plaintiff asserts that Officers McCabe and Husic charged him with possession of a controlled substance with intent to deliver, but that the criminal charge was ultimately dismissed after a trial judge found that the search of Plaintiff violated his Fourth Amendment rights, consequently granting Plaintiff's motion to quash arrest and suppress evidence.  (*Id.* ¶ 16.)

## ANALYSIS

### I.  Excessive Force Claim Against Defendant Husic

In his Third Amended Complaint, Plaintiff alleges a Fourth Amendment excessive force claim against both Defendant Officers Husic and McCabe that he did not bring in his earlier pro se pleadings.  In the present motion to dismiss, Defendants argue that Plaintiff's excessive force claim against Defendant Husic is untimely under the two-year limitations period for constitutional claims brought in Illinois.  *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("In Illinois, the statute of limitations period for § 1983 claims is two years.").  Defendants maintain that Plaintiff's excessive force claim accrued on April 11, 2013 and that Plaintiff failed to bring his excessive force claim against Defendant Husic until November 3, 2015.

On the other hand, Plaintiff, who filed his initial Complaint on March 10, 2015 – without counsel – argues that the relation back doctrine applies to his excessive force claim against Defendant Husic because his amended allegations assert a claim that arose out of the same conduct, transaction, or occurrence set out in his original pro se filings.  The Court agrees, especially in light of Plaintiff's pro se status prior to September 30, 2015.  *See Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008); *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005).  In particular, construing his original pro se Complaint liberally, *see Childress v. Walker,* 787 F.3d 433, 436 (7th Cir. 2015), Plaintiff alleged that on April 11, 2013 Defendant Officer Husic violated his constitutional rights by seizing him, searching his car, and wrongfully charging him with a criminal offense.  In addition, Plaintiff attached a transcript of the December 18, 2013 Circuit Court of Cook County proceedings at which the trial judge discussed the events of April 11, 2013 and granted Plaintiff's motion to quash his arrest and suppress evidence.

3

Although Plaintiff did not bring an excessive force claim in his original pro se Complaint, "relation back is permitted under Rule 15(c)[] where an amended complaint asserts a new claim on the basis of the same core of facts, but involving a different substantive legal theory than that advanced in the original pleading." *Bularz v. Prudential Ins. Co.,* 93 F.3d 372, 379 (7th Cir. 1996); *see, e.g., Luckett v. Conlan,* 561 F.Supp.2d 970, 975 (N.D. Ill. 2008). Because Defendant Husic was a named Defendant in this original pro se pleading and Plaintiff's excessive force case arises out of the same April 11, 2013 occurrence as his initial claims, Plaintiff's excessive force claim against Defendant Officer Husic relates back to March 10, 2015, and is thus timely.

**II.     All Claims Against Defendant McCabe**

Next, Defendants argue that all of the claims against Defendant Officer McCabe are untimely because he was not a named Defendant to this lawsuit until Plaintiff's Third Amended Complaint filed in November 2015. "Where an amended pleading changes a party or a party's name, the Rule requires, among other things, that 'the party to be brought in by amendment ... knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Krupski,* 560 U.S. at 541 (quoting Fed.R.Civ.P. 15(c)(1)(C)). As the *Krupski* Court held, "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 548 (emphasis in original). After *Krupski*, the "only two inquiries that the district court is now permitted to make in deciding whether an amended complaint relates back to the date of the original one are, first, whether the defendant who is sought to be added by the amendment knew or should have known that the plaintiff, had it not been for a mistake, would have sued him instead or in addition to suing the named defendant; and second, whether, even if so, the delay in the plaintiff's discovering his mistake impaired the new defendant's ability to defend himself." *Joseph v. Elan Motorsports Techs. Racing Corp.,* 638 F.3d 555, 559-60 (7th Cir. 2011).

Here, Defendants skip over the two *Krupski* inquiries as outlined in *Joseph* and argue that Plaintiff cannot make the threshold showing that he committed a mistake concerning Defendant Officer McCabe's proper identity in the first instance. As such, they do not discuss Officer McCabe's knowledge or if his defense would be impaired by adding him as a named Defendant at this juncture. *See Joseph,* 638 F.3d at 559-60. In any event, Defendants contend that based on the history of this lawsuit and Plaintiff's underlying criminal proceedings, Plaintiff not only knew the identity of Officer McCabe before the statute of limitations expired, but made a conscious decision not to name Officer McCabe as a Defendant in the present lawsuit. *See Krupski,* 560 U.S. at 552 ("When the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity, the requirements of Rule 15(c)(1)(C)(ii) are not met.").

The Court first notes that the transcript of the December 18, 2013 Circuit Court of Cook County proceedings reveals that Defendant Officer McCabe testified at the hearing that he was

4

present at the April 11, 2013 incident that took place near 120th Street and Indiana in Chicago and that he was with his partner Defendant Officer Husic.  What is not clear from the filings and history of this matter is whether Plaintiff made a fully informed decision not to name Defendant McCabe in his pro se pleadings.  The Court would be hard-pressed to conclude that Plaintiff – who was proceeding pro se – understood the legal ramifications involved and made a deliberate choice to sue Officer Husic, but not Officer McCabe.  *See Krupski,* 560 U.S. at 549 ("making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity.").  Based on the record before the Court, Plaintiff's failure to sue Officer McCabe was not a well-informed, deliberate decision, but rather appears to be based on an error, misunderstanding, or misconception, especially in light Plaintiff's pro se status prior to the Court appointing counsel on September 30, 2015.  *See id.* at 548 ("A mistake is '[a]n error, misconception, or misunderstanding; an erroneous belief.'") (citation omitted); *see, e.g., Donald v. Cook Cty. Sheriff's Dept.,* 95 F.3d 548, 557 (7th Cir. 1996).  The Court therefore denies Defendants' motion to dismiss Plaintiff's claims brought against Officer McCabe.

On a final note, the Court will not address Defendants' collateral estoppel argument because a plaintiff need not anticipate and overcome affirmative defenses in his complaint.  *See Sidney Hillman Health Ctr. of Rochester v. Abbott Labs., Inc.,* 782 F.3d 922, 928 (7th Cir. 2015).

**Dated:**  February 19, 2016

**AMY J. ST. EVE**
**United States District Court Judge**